IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JAMES OTIS CATER                             *

    Petitiorer,                                      *

         v.                                              *          2:06-CV-697-WKW
                                                              (WO)

DEBORAH GRIFFIN, AUSA,                   *
Southern District of Alabama, *et al.*,
                                         *

    Respondents.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, James Cater ["Cater"], a federal inmate, seeks once again to mount a challenge in this court to his conviction for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a), 846.[1] As he did in his previous action, Cater alleges that the conduct of an assistant federal prosecutor in Mobile, Alabama, in filing a federal prosecution against him based on the same act and/or conduct made the subject of a previous State prosecution against him resulted in a void indictment. In support of his argument Cater alleges that the Government failed to obtain the requisite approval for such action from the United States Department of Justice with regard to its *Petite* Policy which is designed to limit the exercise of power to bring successive federal (or state) prosecutions

---

[1] On August 24, 2005 Cater filed a Petition for Writ of Mandamus in this court seeking issuance of a writ directing the assistant federal prosecutor who prosecuted his case to dismiss the indictment. *See Cater v. Griffin*, Civil Action No. 2:05-CV-808-MHT (M.D. Ala. 2005). By order entered September 26, 2005 the case was transferred to the United States District Court for the Southern District of Alabama for review and disposition.

Dockets.Justia.com

unless the prosecution has been approved by the Assistant Attorney General for the United States. (Doc. No. 1.)

Cater requests that a writ of habeas corpus be directed to Respondent Deborah Griffin commanding her to produce documentary proof which establishes the authority, jurisdiction, and legality for his current incarceration. Alternatively, Cater seeks his immediate release.

## I.  FACTS

In September 1990 Cater entered a guilty plea to unlawful possession of cocaine in the Circuit Court for Morgan County, Alabama. The trial court sentenced Cater to a five-year prison term. Cater subsequently faced federal charges arising out of the same incident related to the basis for his state court conviction. Cater's petition reflects that on August 26, 1992 a federal grand jury returned a superceding indictment charging him with conspiracy with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846. On March 19, 1993 a jury found Cater guilty as charged in the indictment. His sentence of 300 months' imprisonment for his conviction was later reduced to a term of 240 months. (Doc. No. 1 at pgs. 2-3.)  Court records establish that Cater has filed prior challenges to his federal conviction, including two motions under 28 U.S.C. § 2255, a motion for new trial, a motion to correct sentence, and two petitions for writ of error coram nobis. *See United States v. Cater*, Criminal No. 92-00133 (S.D. Ala.); *see also Cater v. Griffin*, Civil Action No. 1:05-CV-551-CB (S.D. Ala. 2005).

## II. DISCUSSION

A review of the allegations contained in the instant petition, filed pursuant to 28 U.S.C. § 2241, reflect that Cater seeks to attack the constitutionality of his 1993 judgment on a drug related offense imposed upon him by the United States District Court for the Southern District of Alabama. The law is well settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and/or sentence imposed by a federal court, unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention." *Title 28 U.S.C. § 2255*. It is clear from a review of the petition that this action is filed pursuant to § 2241 in an attempt to circumvent the applicable one-year period of limitation and/or the constraint on successive § 2255 motions contained in 28 U.S.C. § 2244(b)(3)(A).[2] However, under no circumstances can this court allow Cater's circumvention of the procedural gatekeeping provisions contained in the AEDPA as § 2255 is not rendered inadequate or ineffective to challenge the legality of a petitioner's detention merely because the applicable limitation period has expired or a subsequent motion under the section would be barred as successive. Thus, under the circumstances of this case, Cater cannot proceed on his claims in a § 2241 petition.

The habeas petition and supporting arguments demonstrate that Cater's claims would be barred from review in a § 2255 motion before the United States District Court for the

---

[2]3. "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. "Before a second or successive [28 U.S.C. § 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Southern District of Alabama by the AEDPA's gatekeeping provisions on untimely and successive petitions. The inadequate and ineffective "savings clause of § 2255 applies to a claim when: (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). All the Constitution requires, if it requires anything, is that a reasonable opportunity existed through which an inmate could have pursued judicial relief on his claims. *Id*. "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id*. at 1245.

Cater does not meet each of the prerequisites necessary to invoke application of the savings clause of § 2255, thereby precluding relief in a § 2241 proceeding. His claims are not premised upon a Supreme Court decision issued after his conviction which was made retroactively applicable to such conviction. Moreover, Cater has not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. Consequently, Cater's challenge to his conviction is not based upon a retroactively applicable Supreme Court decision. Finally, pertinent federal law did not foreclose Cater from presenting the claims now before this court at the time such claims otherwise should have been raised. Specifically, the pleadings filed herein establish that Cater had the requisite procedural opportunity to

4

raise the instant habeas claims challenging the constitutionality of his conviction and/or sentence and have such claims decided either at sentencing or on direct appeal. Cater also had the opportunity to present his claims in a properly filed § 2255 motion. These opportunities are all the Constitution requires. *Id*. at 1244. The claims pending before this court, therefore, fail to warrant relief under the savings clause of § 2255.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions placed on § 2255 motions by the AEDPA. *Wofford*, 177 F.3d at 1245. "[T]he savings clause . . . does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts --through statutes like the AEDPA-- to place limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion . . ."). In light of the foregoing, the court concludes that Cater' claims challenging

the constitutionality of his conviction are not cognizable in a 28 U.S.C. § 2241 petition.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Petitioner James Cater be DENIED and this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **August 28, 2006**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)

(*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 14th day of August 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE